U N I T E D   S T A T E S   D I S T R I C T   C O U R T
D I S T R I C T   O F   N E W   J E R S E Y

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

**LETTER OPINION**

Larry M. Cole, Esq.
Cole & Cole, Esqs.
P.O. Box 8158
Jersey City, New Jersey 07308
*Attorneys for Plaintiff*

Lloyd Ambinder
Barnes, Iaccarino, Virginia, Ambinder & Shepherd
111 Broadway, Suite 1403
New York, New York 10006
*Attorneys for Defendant*

    **Re:**    Menendez v. UFCW Local 888 Health Fund, et al.,
            Docket No. 05-CV-1165 (WJM)

Dear Counsel:

    This matter comes before the Court on Defendant's motion to dismiss.  For the reasons set forth below, Defendant's motion is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**.

    **I.**    **BACKGROUND**

    Plaintiff Stephen Menendez brings this cause of action against Defendant United Food & Commercial Workers Local 450T, AFL-CIO, CLC & Welfare Fund and various unnamed Defendants to collect severance benefits.  (Compl. ¶¶ 2-4.)  Plaintiff was terminated after twenty-one years of service in June 2003, at which time he held the position of Fund Administrator.  (Compl. ¶ 6.)  He maintains that under a severance pay benefit adopted by Defendant in November 1974 and further ratified in December 1995, Defendant agreed to pay all employees two weeks' salary for every year of employment upon termination.  (Compl. ¶ 7.)  Plaintiff now seeks payment of $63,461.20 in severance benefits.  (Compl. ¶ 11.)

Plaintiff originally brought this cause of action on December 9, 2003 in the Superior Court of New Jersey, Law Division alleging breach of agreement, which was removed to this Court on April 12, 2004. This Court determined that Plaintiff's claim fell squarely under the purview of ERISA, 29 U.S.C. § 1001, *et seq.*, which requires exhaustion of internal administrative remedies. *See* 29 U.S.C. 1133(2). Finding that Plaintiff had failed to exhaust such remedies, this Court dismissed the complaint without prejudice on September 27, 2004. (*See* 9/27/04 Opinion.)

On February 25, 2005, Plaintiff commenced the current cause of action alleging violation of ERISA for failure to pay benefits, for breach of fiduciary duty, and for failure to provide requested documents, in addition to a state claim of breach of agreement. Plaintiff claims he mailed a letter to the trustees of the Local 888 Health & Welfare Fund inquiring as to the existence of formalized procedures for filing his claim on October 12, 2004, and faxed the same letter on October 27, 2004, for which he never received a response. (Pl.'s Br. at 2-3.)[1] Having received no response to either communication, Plaintiff now contends exhaustion of administrative remedies is futile. (Compl. ¶ 19.)

Defendant has again filed a motion to dismiss, seeking to dismiss: (1) Count One alleging a violation of ERISA because Plaintiff failed to exhaust the plan's internal administrative remedies; (2) Count Two alleging breach of fiduciary duty because it is merely a claim for benefits pursuant to the plan; (3) Count Three alleging a violation of ERISA for failure to provide documents because Plaintiff never made the requisite written request for the documents sought; and (4) Count Four alleging Plaintiff's breach of agreement because it is barred by *res judicata*. All other defendants are unknown potential defendants; thus, this is the only outstanding motion.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *Robb v. Philadelphia*, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

---

[1] Defendant maintains that the fax was sent to the wrong office because it was sent to the local union rather than the Fund Office. (Def.'s Reply Br. at 3.)

IV.     **DISCUSSION**

    A.      **Futility of Exhaustion of Internal Administrative Remedies**

Defendant argues that the First Count of the complaint alleging a violation of ERISA for failure to pay benefits should be dismissed because Plaintiff failed to exhaust internal administrative remedies.  Federal courts will generally refuse to hear ERISA claims if the claimant has not exhausted the ERISA plan's internal administrative remedies. *Wolf v. National Shopmen Pension Fund*, 728 F.2d 182, 185 (3d Cir. 1984).  Failure to exhaust internal administrative remedies is excused, however, when such exhaustion is futile.  *See Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 249 (3d Cir. 2002). "Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile." *Harrow*, 279 F.3d at 250.  Not all factors must weigh equally.  *Id.*  Given the policies underlying the exhaustion requirement, including reducing frivolous law suits and promoting efficient management of ERISA plans, courts have been reluctant to grant the exception.  *Id.* at 249-250.  In order to warrant waiver of the exhaustion requirement, the party seeking waiver must provide more than bare allegations; rather, the party must make a "clear and positive" showing of futility. *See Canale v. Yegen*, 782 F. Supp. 963, 972 (D.N.J. 1992).

In the instant matter, the complaint merely makes a conclusory statement that Plaintiff has been denied meaningful access to the Plan's administrative procedures and that resorting to such procedures would be futile because the Union has refused to initiate the grievance procedure on his behalf. (Compl. ¶ 19.)  Plaintiff further argues in his brief that exhaustion would be futile because his letter and fax inquiring about the formal procedures were ignored by Defendant. (Pl.'s Reply. Br. at 3.)  However, the complaint is devoid of any allegations referring to this letter or fax, and as previously noted, contains only a conclusory statement that amounts to nothing more than a bare allegation of futility, which is insufficient to excuse the exhaustion requirement.

Even if the complaint contained allegations regarding the letter and the fax, this Court could not conclude exhaustion is futile.  Plaintiff only made two attempts to pursue administrative relief, one purportedly to the wrong office, before instituting this ERISA action and never followed up on either communication.  *See Harrow*, 279 F.3d at 251-252 (holding that rejection of claimant's single inquiry did not excuse exhaustion of administrative remedies as futile).  As former Fund Administrator, Plaintiff had reason to know the administrative procedures to follow in order to process his claim, and his letter and fax merely constitute a *pro forma* attempt to exhaust administrative remedies.  Since Plaintiff does not argue that any of the four remaining *Harrow* factors applies, this Court finds that exhaustion of internal administrative remedies was not futile and the First Count of the Complaint is dismissed.

3

### B. Breach of Fiduciary Duty

Defendant next argues that the Second Count of the complaint alleging breach of fiduciary duty should be dismissed because it is merely a claim for benefits, and thus subject to the same remedy-exhaustion requirement. Claimants need not exhaust internal administrative remedies when alleging a breach of fiduciary duty as long as the duty breached is independent of the denial of claimants' benefits. *See Harrow*, 279 F.3d at 254. S*ee also Zipf v. American Telephone and Telegraph Co.*, 799 F.2d 889, 893 (3d Cir. 1986). "A claim for breach of fiduciary duty is 'actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of ERISA.'" *Harrow*, 279 F.3d at 254.

Plaintiff asserts a claim for breach of fiduciary duty for "wrongly withholding employee benefit plan benefits." (Compl. ¶ 22.) This Court finds that this claim is merely a claim for benefits because the alleged breach of fiduciary duty is clearly not independent of the denial of benefits. *See Harrow*, 279 F.3d at 254. Thus, Plaintiff's failure to exhaust internal administrative remedies is not excused. As already discussed, Plaintiff has failed to adequately plead exhaustion or futility; therefore, the Second Count of the complaint is dismissed.

### C. Failure to Provide Requested Information to Plaintiff

Defendant also argues that the Third Count of the complaint alleging Defendant violated ERISA by failing to provide certain unspecified documents should be dismissed because Plaintiff is not entitled to receive said documents. ERISA requires the plan administrator to "furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated" upon written request. 29 U.S.C. 1024(b)(4). In the instant matter, Plaintiff fails to specify the documents he requested and defendant failed to provide. In fact, Plaintiff merely states in his complaint that following his termination he requested "information which the administrator is required by ERISA to furnish to a participant." (Compl. ¶¶ 24-27.) Furthermore, neither the complaint nor the brief filed in opposition to this motion suggests that a written request was ever made. Thus, the Third Count of the complaint is dismissed.

### D. Breach of Agreement Claim

Finally, Defendant argues that the Fourth Count of the complaint alleging breach of agreement should be dismissed pursuant to *res judicata* because this Court previously determined this claim was preempted by ERISA. (9/27/04 Opinion and Order.) Although Defendant argues *res judicata*, collateral estoppel is the appropriate doctrine to apply. Collateral estoppel applies where the same issue was litigated, was determined by a valid final judgment, and was essential to that judgment. *See Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976). The issue was previously presented to this Court by both parties, whereupon the Court concluded the breach of agreement claim was preempted by ERISA. (9/27/04 Opinion at 3.) This was an adjudication on the merits, *see* Fed. R. Civ. P. 41(b), and became final when Plaintiff failed to

appeal. *U.S. v. Government of Virgin Islands*, 363 F.3d 276, 292 (3d Cir. 2004). Therefore, the Fourth Count of the complaint is dismissed as this Court already decided this issue.

Even if this issue were not precluded pursuant to collateral estoppel, the breach of agreement claim is preempted under ERISA. ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). As stated in this Court's prior opinion, this severance plan constitutes an employee welfare benefits plan within the ambit of ERISA. (*See* 9/27/04 Opinion.) Thus, Plaintiff's breach of agreement claim is preempted by ERISA.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Any further refiling of this complaint should fully comply with the requirements of ERISA for the reasons set forth herein. An appropriate order accompanies this Letter Opinion.

**Dated: 8/11/05**                                        s/William J. Martini

                                                                                  **William J. Martini, U.S.D.J.**

cc:     The Honorable Ronald J. Hedges, U.S.M.J.